UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23502-CIV-ALTONAGA/O'Sullivan

ANTHONY ARELLANO,

    Plaintiff,
v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendant, American Airlines, Inc.'s ("American['s]") Motion to Dismiss ("Motion") [ECF No. 7], filed October 15, 2014. American requests the Court dismiss Plaintiff's Complaint [ECF No. 1] for failing to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"), May 28, 1999, S. TREATY DOC. NO. 106–45 (2000), 2242 U.N.T.S. 350. The Court has carefully reviewed the Motion; Plaintiff, Anthony Arellano's ("Arellano['s]") Response . . . ("Response") [ECF No. 16]; Defendant's Reply . . . [ECF No. 19]; the Complaint; and applicable law. For the reasons explained below, the Motion is denied.

### I.

On January 12, 2014, Arellano was a passenger on an American Airlines flight from North Carolina to Ecuador, with a layover in Miami, Florida. (*See* Compl. ¶ 7). Because the flight was delayed for two hours, "in order to make up time," American "hurried passengers through their layover in Miami so they could make their connecting flights." (*Id.* ¶ 8). Upon

exiting the plane, Arellano, "along with other passengers, *was forced* to retrieve his own luggage from a luggage wagon American Airlines had placed on the tarmac." (*Id.* ¶ 9 (emphasis added)). When Arellano turned around, "other passengers[,] who were also rushing to the luggage wagon to retrieve their own luggage in order to make their respective connecting flights, trampled Mr. Arellano who sustained injuries while on the tarmac." (*Id.* (alteration added)).

On the basis of these events, Arellano brings a single claim under the Montreal Convention against American, alleging he was injured in an "accident" while "embarking" and "disembarking." (*See id.* ¶ 10). Arellano alleges American owed him a duty to provide safe operations for embarking or disembarking from its aircraft. (*See id.* ¶ 11). But on January 12, American negligently and recklessly failed to employ an orderly procedure for passengers to retrieve their luggage in a safe manner. (*See id.* ¶ 12).

## II.

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

**III.**

Under Article 17 of the Montreal Convention, a covered carrier has strict liability "for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, Article 17(1). To prevail on a bodily injury claim under the Montreal Convention, which governs the international air carriage of passengers, baggage, and cargo, a plaintiff must establish: (1) the occurrence of an "accident" within the meaning of the Convention; (2) the "accident" occurred on the aircraft or during the embarking or disembarking process; and (3) the plaintiff suffered bodily injury caused by the "accident." *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2013 WL 2152566, at *5 (M.D. Fla. Jan. 9, 2013). American challenges only the first element of "accident," conceding the Complaint's allegations satisfy the second and third elements. (*See* Mot. 3).

Specifically, American argues the Complaint fails to state a claim for relief because the events described do not satisfy American's definition of "accident" under the Montreal Convention. (*See id.* 8). According to American, an "accident" requires that there be (1) an unusual or unexpected event external to the passenger, and (2) the "event was a malfunction or abnormality in the aircraft's operation." (*Id.* (citing *Gotz v. Delta Airlines*, 12 F. Supp. 2d 199, 201–02 (D. Mass. 1998)). American's position has previously been rejected by another judge of

3

this District, Judge James I. Cohn, in *McCarthy v. American Airlines, Inc.*, No. 07-61016-Civ, 2008 WL 2704515, at * 5 (S.D. Fla. June 27, 2008). Notwithstanding that judge's conclusion American's suggested definition was "unpersuasive" — and thus the court "decline[d] to apply it," *id.* (alteration added), the same attorney and law firm who represented American in both cases neglected to cite *McCarthy* or even attempt to distinguish it in the briefing on the present Motion urging the Court's adoption of that definition.[1] For reasons explained below, the undersigned similarly rejects American's reliance on a two-pronged definition of "accident" the Eleventh Circuit has never approved and which has been criticized by other courts.

To be clear, an "accident" under the Montreal Convention is "an unexpected or unusual event or happening that is external to the passenger." *Palma v. Am. Airlines, Inc.*, No. 09-23212-CIV, 2010 WL 5140592, at *3 (S.D. Fla. Dec. 9, 2010) (internal quotation marks and citation omitted). "This definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." *Air Fr. v. Saks*, 470 U.S. 392, 405 (1985) (citation omitted). Notwithstanding this flexible approach, "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident, and Article 17 . . . cannot apply." *Id.* at 406 (alteration added). "The focus is on the cause of the injury, not merely than an injury has occurred." *Palma*, 2010 WL 5140592, at *3 (citation omitted); *see also Saks*, 470 U.S. at 407 ("The 'accident' requirement of Article 17 . . . involves an inquiry into the nature of the event which

---

[1] Florida Bar Rules of Professional Conduct, Rule 4-3.3, "Candor Toward the Tribunal," states a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *Id.* Rule 4-3.3(a)(3). While a fellow district judge's opinion squarely on point, involving the same lawyer and party, and directly adverse to the party, may not be "legal authority in the controlling jurisdiction," American, in the interest of full candor, should have addressed and sought to distinguish *McCarthy* in its Motion.

*caused* the injury rather than the care taken by the airline to avert the injury." (alteration added; emphasis in original)).

American's suggested definition of "accident" is derived from "several district court cases from New York, Massachusetts, and Puerto Rico." *McCarthy*, 2008 WL 2704515, at *5. Relying primarily on *Gotz*, American asserts an accident under the Montreal Convention must meet the *Gotz* two-part test, requiring there be "(1) an unusual or unexpected event occurred that was external to the passenger, and (2) this event was a malfunction or abnormality in the aircraft's operation." (Mot. 8). In dismissing the argument some malfunction or abnormality in the aircraft's operation needed to be shown, Judge Cohn explained,

> Defendants also assert that the term "accident" only covers those occurrences that result from risks characteristic of air travel and that have some relationship to the operation of the airplane . . . .
>
> \*\*\*
>
> Defendants' arguments are without merit.
>
> \*\*\*
>
> A careful consideration of the *Gezzi* [*v. British Airways*, 991 F.2d 603 (9th Cir. 1993)] opinion also weighs against the argument, relied upon by the Defendants, that an event's relationship to the operation of the aircraft is relevant to determining whether or not it is an "accident." The *Gezzi* court noted that this suggestion appears to have originated in an article by Professor D. Goedhuis, but that this suggestion has never been included in the text of the Convention and the Professor himself conceded that it was doubtful that all courts would accept such an interpretation of the term "accident." *Gezzi*, 991 F.2d at 605 n.4. Although not ruling one way or another as to whether to adopt this argument, the Ninth Circuit's discussion of it indicates skepticism. Although the Eleventh Circuit has not had occasion to address this issue directly, it has cited to the *Gezzi* case, relying upon its holding in evaluating whether or not a given incident constituted an "accident," likely indicating agreement with its reasoning and analysis. *See Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1522 n.11 (11th Cir. 1997). Thus the Court concludes that this argument is not binding law in this Circuit, finds it unpersuasive, and declines to apply it here.

*McCarthy*, 2008 WL 2704515, at *5 (some alterations added). *See also Wipranik v. Air Can.*, No. CV 06-3763 AHM (AJWx), 2007 WL 2441066, at *4, n.1 (C.D. Cal. May 15, 2007) (noting *Gezzi*'s rejection of the *Gotz* "expanded definition" of "accident," and finding *Gotz* had "little, if any, persuasive value").

The undersigned agrees the second element in the *Gotz* definition of "accident" — a "malfunction or abnormality in the aircraft's operation" — finds no support in the Convention's text, in binding or persuasive case law, or in the extension of the Convention's protection to accidents that take place "during the embarking or disembarking process." Therefore, the Court limits its discussion to a consideration of whether Arellano has sufficiently pled the injury-causing event was an unusual or unexpected "event or happening that is external to the passenger," *Saks*, 470 U.S. at 405, as the Supreme Court has instructed. And because "[a]ny injury is the product of a chain of causes, [] we require only that the passenger be able to prove that some link in the chain was an unusual or unexpected event external to the passenger." *Id.* at 406 (alterations added); *see also Olympic Airways v. Husain*, 540 U.S. 644, 646 (2004).

The causal chain alleged in the Complaint, viewed in the light most favorable to Arellano, is that American implemented a dangerous process of baggage retrieval by its passengers to make up time for a two-hour delay, forcing its passengers to get their own bags in a hurried and crowded setting on the tarmac whereby Arellano was trampled by other passengers. "The Supreme Court's definition of 'accident' is broad enough to permit recovery for torts committed by fellow passengers." *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 70 (1st Cir. 2000). Admittedly, "not every tort committed by a fellow passenger is a Warsaw Convention accident."[2] *Id.* Thus, where airline personnel play no causal role in the commission

---

[2] "The Montreal Convention, which came into force in the United States in November 2003, . . . is the successor of the Warsaw Convention." *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361,

of the tort, courts have found no "accident" occurred. *Id.* (citing cases); *see also Rafailov v. El Al Israel Airlines, Ltd.*, No. 06 CV 13318(GBD), 2008 WL 2047610, at *3 (S.D.N.Y. May 13, 2008) (no accident where plaintiff slipped on a plastic blanket bag left on the floor under a seat).

In contrast, courts have found the "accident" requirement satisfied "where airline personnel play a causal role in a passenger-on passenger tort." *Langadinos*, 199 F.3d at 71 (citation omitted); *see also Wipranik*, 2007 WL 2441066, at *4. For example, in *Garcia Ramos v. Transmeridian Airlines, Inc.*, 385 F. Supp. 2d 137 (D.P.R. 2005), a case relied on by American, a passenger fell on another passenger while boarding the plane. In finding first prong of the *Gotz* two-part accident test satisfied, the court explained, "[a]n unnamed passenger falling onto Plaintiff is certainly an accident in the sense of being an 'unexpected or unusual event.' . . . While a reasonable passenger would expect some jostling or other physical contact when other passengers are attempting to reach their seats, a reasonable passenger would not expect a fellow passenger to fall on top of him. The fall, though a known risk, is not an expected or usual event." *Id.* at 141 (alterations added). *See also Goodwin v. British Airways PLC*, No. 09-10463-MBB, 2011 WL 3475420, at *5 (D. Mass. Aug. 8, 2011) (applying the *Gotz* two-part accident

---

364 (S.D.N.Y. 2006) (alteration added; footnote call number omitted). "[M]any of the provisions of the Montreal Convention closely resemble those of the Warsaw Convention." *Id.* at 365 (alteration added). Consequently, "the case law regarding a particular provision of the Warsaw treaty applies with equal force regarding its counterpart in the Montreal treaty." *Best v. BWIA W. Indies Airways Ltd.*, 581 F. Supp. 2d 359, 362 n.1 (E.D.N.Y. 2008); *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1360 (S.D. Fla. 2008) (noting "it is appropriate to rely on cases interpreting the Warsaw Convention where the equivalent provision of the Montreal Convention is substantively the same").

> In language nearly identical to Article 17 of the Warsaw Convention, the Montreal Convention provides that an air carrier may be liable on claims for bodily injury to a passenger of an international flight if "the accident which caused the . . . injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

*Safa v. Deutsche Lufthansa Aktiengesellschaft, Inc.*, -- F. Supp. 2d --, No. 12-cv-2950 (ADS)(SIL), 2014 WL 4274071, at *6 (E.D.N.Y. Aug. 28, 2014) (quoting Montreal Convention, Art. 17(1)) (alteration in original).

test, court found first prong satisfied where even though plaintiff could reasonably expect some jostling "during deplaning," passenger "does not expect to be struck so severely to be caused to lose his or her balance").

Arellano alleges American played a causal role in the January 12 passenger-on-passenger tort. American is alleged to have directed the baggage-retrieval process, "forcing" Arellano and the other passengers to get their own bags at the tarmac between connecting flights. Passengers were "rushing to the luggage wagon to retrieve their own luggage in order to make their respective connecting flights." (Compl. ¶ 9). The Complaint implies this took place under the direction or upon the instructions of American. American "hurried passengers through their layover." (*Id.* ¶ 8). Certainly American's directive, requiring passengers to hurriedly reach and seize their bags from the tarmac under threat of missing connecting flights following a two-hour delay, is a "link in the causal chain that ultimately resulted in" Arellano's injuries. *Murillo v. American Airlines*, No. 09-22894-Civ, 2010 WL 1740710, at *2 (S.D. Fla. Apr. 29, 2010).

While a limited amount of "jostling" or physical contact with other passengers may be expected in air travel, being "trampled," no less than being knocked over or having a passenger fall on top of one, describes an out-of-the-ordinary and unexpected event. As Plaintiff satisfies the "accident" requirement of the Montreal Convention — the only "defect" American points out in its briefing — he adequately states a claim for relief.

## IV.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss **[ECF No. 7]** is **DENIED**.

CASE NO. 14-23502-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida this 25th day of November, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record